## ELLIS v. TULARE COUNTY.*

### Sac. No. 70; April 7, 1896.

#### 44 Pac. 575.

**Counties—Supervisors as Road Commissioners—Compensation.** By Political Code, sections 2641, 2645, as amended by Statutes of 1893, page 113, county supervisors are made ex-officio road commissioners in their respective districts, and their compensation for such services is therein fixed, "when not otherwise provided by law." By the county government act (Stats. 1891, p. 295, sec. 173, subsec. 15), the compensation of supervisors in counties of the eleventh class is fixed at six dollars per day for actual service, and certain mileage; and section 216 provides that the salaries and fees provided in the act shall be in full compensation for all services rendered, either as officers or ex-officio officers. Held, that the compensation of supervisors in counties of the eleventh class, while acting as road commissioners, is provided for by the county government act, and fixed at six dollars per day, and is therefore not affected by the provisions of code, section 2645.[1]

APPEAL from Superior Court, Tulare County; Justin Jacobs, Judge.

Action by John G. Ellis against Tulare county. Judgment for plaintiff and defendant appeals. Affirmed.

F. B. Howard for appellant; Lamberson & Middlecoff for respondent.

BELCHER, C.—During the year 1894, John G. Ellis, the plaintiff, was a supervisor and ex-officio road commissioner for supervisor district No. 5 in Tulare county. As such road commissioner, he performed services in his district for payment of which he, in January, 1895, presented a claim to the board of supervisors of the county for allowance. The claim was properly itemized and verified, and was for one hundred and seventeen days' services, at six dollars per day. The

---

*Rehearing denied.

[1] Cited and followed in White v. Hayden, 126 Cal. 623, 59 Pac. 119, where it is held that a member of a board of county supervisors who renders, ex officio, services as road commissioner, under the statute, is entitled to have the auditor issue to him his warrant for the compensation, and that a corresponding duty is on the auditor.

board rejected the claim, and thereupon he commenced this action to recover the sum of $702, alleged to be due him for the services so rendered. The case was tried by the court, upon a stipulation as to the facts; and on June 25, 1895, the court rendered its decision, and ordered judgment in favor of the plaintiff for the amount claimed. Judgment was accordingly so entered, and from it the defendant appeals, without any statement or bill of exceptions.

In 1894, Tulare county was a county of the eleventh class, and the only question is, Was the plaintiff, under the law as it then stood, entitled to the compensation demanded for his services as road commissioner? Prior to 1891 the Political Code contained the following provisions: Section 2641 declared that ''each supervisor shall be ex-officio road commissioner of the several road districts in his supervisor district, . . . . provided that no member of the board of supervisors shall receive any compensation for any services whatever performed by him, or required of him, under any of the provisions of this chapter, other than his salary or per diem and mileage as a supervisor.'' Section 2642 provided for the election or appointment in the several counties of the state of road overseers; and section 2645 prescribed the duties of road overseers, and the compensation to be paid for their services. In 1891 these sections were amended by an act of the legislature which was passed March 31st, and took effect on the Monday after the first day of January, 1893: Stats. 1891, p. 474. As amended, section 2641 omits the clause as to compensation. Section 2642 abolishes the office of road overseer; and section 2645 imposes upon the road commissioner the duties which had been performed by the road overseer, and provides that, ''when not otherwise provided by law, he shall receive for his services as such road commissioner twenty cents per mile one way for all distances actually traveled by him in the performance of his duties, provided that he shall not in any one year receive more than three hundred dollars.'' In 1893 sections 2641 and 2645 were again amended by an act of the legislature, which was passed March 9th, and took effect from and after its passage: Stats. 1893, p. 113. These amendments consisted chiefly in the transfer from the last to the first named section of the provision as to compensation. On March 31, 1891, a county government act was passed, which took effect from and after its passage, ''except as pro-

hibited by the constitution,'' and was in force during the year 1894: Stats. 1891, p. 295. The act contained the following provisions: Section 173: ''In counties of the eleventh class the county officers shall receive, as compensation for the services required of them by law or by virtue of their office, the following salaries, to wit: . . . . (15) Supervisors, each six dollars per day for actual service, and forty cents per mile while traveling from his place of residence to the county seat: provided, that no more than one mileage in any one monthly term shall be allowed.'' Section 216: ''The salaries and fees provided in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, either as officers or ex-officio officers, their deputies and assistants, unless in this act otherwise provided.'' By this act the counties of the state were divided into fifty-three classes, and as to each class it was provided that ''the county officers shall receive, as compensation for the services required of them by law or by virtue of their office, the following salaries, to wit.'' As to a few of the classes special provision was made for the compensation of the supervisors as such and as road commissioners. For example, the provision as to the fourth class was: ''Supervisors, twelve hundred dollars each per annum, and five hundred dollars per annum as road commissioners.'' In the provision, however, as to most of the classes, no special mention was made of ''road commissioners''; but the supervisors were allowed in some cases a gross sum, and in others a per diem and mileage.

It is contended for appellant that, as no special provision was made for the compensation of road commissioners in counties of the eleventh class, the plaintiff was not entitled to recover for his services as such commissioner the per diem allowed supervisors, and that his right to recover was limited to the mileage provided for by section 2645 of the Political Code, as amended in 1891, and by section 2641, as amended in 1893. This contention cannot, in our opinion, be sustained. The plaintiff was a supervisor of the county, and there is no denial that the services for which he seeks to recover were actually performed by him as road commissioner. This being so, it must be assumed that the services were ''required of him by law or by virtue of his office,'' and that he was entitled to the compensation which the statute provided a supervisor should receive in such case.

It is not necessary to consider the other questions discussed by counsel. The judgment should be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.